```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       JACKSON DIVISION
```

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**                               **PLAINTIFF**

**VS.**                                  **CIVIL ACTION NO. 3:05CV465-WHB-JCS**

**PRODUCTIVITY IMPROVEMENT CENTER, INC.**                                **DEFENDANT**

## OPINION AND ORDER

This cause is before the Court on the following Motions:

1) the Appeal of Magistrate Judge's Ruling Granting Jackson's Motion to Intervene filed by Defendant Productivity Improvement Center, Inc. (hereinafter "PIC"); and

2) the Motion of Plaintiff / Intervenor Latasha Jackson for Entry of Default.

Having considered the Appeal and Motion, the Responses and the Rebuttals, as well as supporting and opposing authority, the Court finds that both the Appeal and the Motion should be denied.

This case involves alleged sexual harassment and sexual assault suffered by Jackson at the hands of a co-worker while on the job at PIC. Plaintiff Equal Employment Opportunity Commission filed the subject suit in this Court on July 28, 2005. Previously, on August 23, 2004, Jackson filed suit against PIC and George Luckett, the alleged assailant, in the Circuit Court of Yazoo County, Mississippi. That suit is still pending, although venue was changed to the Circuit Court of Madison County, Mississippi.

Both the subject suit and the state court suit are based on the same alleged incident.

On January 3, 2006, Jackson filed a Motion to Intervene as a Plaintiff in this suit.  Through an Order rendered by Magistrate Judge Alfred G. Nicols on February 2, 2006 (hereinafter "February 2 Order") under docket entry no. 14, Jackson's Motion to Intervene was granted.  The Order stated the Clerk of the Court "is directed to accept and file [Jackson's] Complaint in Intervention." February 2 Order, p. 2.  However, to date the Complaint in Intervention has not been officially filed in this case.  Apparently, Jackson believed that the direction to the Clerk of the Court contained in the February 2 Order meant for the Clerk to file the proposed Complaint in Intervention attached as Exhibit "B" to the Motion to Intervene as her actual Complaint in Intervention, and PIC must have assumed the same since PIC filed an Answer to the Complaint in Intervention on February 28, 2006.

Aggrieved by Judge Nicols findings in the February 2 Order, PIC filed the subject Appeal of Magistrate Judge's Ruling on February 15, 2006.  On February 28, 2006, Jackson filed the subject Motion for Entry of Default against PIC.  Both of these Motions are now ripe for consideration by the Court.

First considered is the Appeal of Magistrate Judge's Ruling. Under Federal Rule of Civil Procedure 72(a), a district judge has the authority to review a magistrate judge's order.  Upon the

2

filing of an objection to the magistrate judge's order, the district judge must review the order *de novo*. Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993)(citation omitted); 28 U.S.C. § 636(b). If the contents of the order are found to be clearly erroneous or contrary to the law, the order may be modified or set aside. Fed. R. Civ. P. 72(a).

After reviewing all relevant data, the Court finds that the conclusions reached by Judge Nicols in February 2 Order were neither clearly erroneous nor contrary to the law. Therefore, the Appeal filed by PIC must be denied.

Regarding the Motion for Entry of Default, Jackson contends that she is entitled to a Default Judgment against PIC because it did not file an Answer to her Complaint in Intervention within twenty days after Judge Nicols entered the February 2 Order. This argument is based on the language from the February 2 Order cited above, in which Judge Nicols directed the Clerk of the Court to "accept and file her Complaint in Intervention." Notwithstanding this direction by Judge Nicols, which this Court agrees is ambiguous, the ultimate responsibility was and is on Jackson to ensure the proper filing of her Complaint in Intervention. Without a proper filing of that pleading, PIC cannot be found in default for failing to file an Answer within twenty days after Judge Nicols' February 2 Order. Because the Complaint in Intervention

3

has not been properly filed with the Clerk, the Motion for Entry of Default must be denied.

In order to move this case on the docket, Jackson is directed to file her Complaint in Intervention by April 27, 2006.

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Appeal of Magistrate Judge's Ruling Granting Jackson's Motion to Intervene filed by Defendant Productivity Improvement Center, Inc. (docket entry no. 18) is hereby denied.

IT IS FURTHER ORDERED that the Motion of Plaintiff / Intervenor Latasha Jackson for Entry of Default (docket entry no. 25) is hereby denied.

IT IS FURTHER ORDERED that Plaintiff/Intervenor Latasha Jackson is directed to file her Complaint in Intervention by April 27, 2006.  That Complaint must be identical to the proposed Complaint in Intervention field as Exhibit "B" to the Motion to Intervene.  Although it may appear redundant, Defendant should then file another Answer to the Complaint in Intervention to ensure that applicable rules are properly followed.

SO ORDERED this the 20th day of April, 2006.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

tct